IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERWYN STONE JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-761 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; | : | |
| PHILADELPHIA DEPT. OF PRISONS | : | |
| f/k/a PHILADELPHIA PRISON SYSTEM; | : | |
| BLANCHE CARNEY, Commissioner of | : | |
| the Philadelphia Department of Prisons; | : | |
| MAJOR VETTER; SGT. RODRIGUEZ; | : | |
| SGT. BLACK; C/O ROSA; C/O KILSON; | : | |
| C/O BUTLER; C/O GRIFFIN; and | : | |
| C/O BOONE, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 27th day of April, 2023, after considering the application for leave to proceed *in forma pauperis*, amended complaint, and prisoner trust fund account statement filed by the *pro se* plaintiff, Berwyn Stone, Jr. ("Stone") (Doc. Nos. 4–6); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 4) is **GRANTED**, and Stone has leave to proceed *in forma pauperis*;

2. Berwyn Stone, Jr., #975227, shall pay the full filling fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Philadelphia Industrial Correctional Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Stone's inmate account; or (b) the average monthly balance in Stone's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with

a reference to the docket number for this case. In each succeeding month when the amount in Stone's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Stone's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3. The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of the Philadelphia Industrial Correctional Center;

4. The amended complaint (Doc. No. 5) is **DEEMED** filed;

5. The amended complaint (Doc. No. 5) is **DISMISSED** as follows:

   a. Stone's claims against the Philadelphia Department of Prisons are **DISMISSED WITH PREJUDICE**; and

   b. All remaining claims are **DISMISSED WITHOUT PREJUDICE** to Stone filing a second amended complaint in accordance with paragraph 7 of this order;

6. The clerk of court is **DIRECTED** to **TERMINATE** the Philadelphia Department of Prisons as a defendant in this case;

7. Stone may file a second amended complaint within **thirty (30) days** of the date of this order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Stone's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial or amended complaints or other papers filed in this case to state a claim. When drafting his second amended complaint, Stone should be mindful of the court's reasons for dismissing the claims in his amended complaint as explained in the court's separately filed memorandum opinion. Upon the filing of a second amended complaint, the clerk shall not make service until so ordered by the court;

8.      The clerk of court is **DIRECTED** to **SEND** Stone a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Stone may use this form to file his second amended complaint if he chooses to do so;[1]

9.      If Stone does not wish to file a second amended complaint and instead intends to stand on his amended complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case;[2] and

10.     If Stone fails to file any response to this order, the court will conclude that he intends to stand on his amended complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] This form is available on the court's website at https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).